CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
SEP 13 2005
JOHN F. CORCORAN, CLERK
BY: 
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                  *Plaintiff,*<br><br>v.<br><br>BRUCE MARTIN DAVIS,<br><br>                                  *Defendant.* | CIVIL ACTION NO. 3:05CR00032<br><br><br>MEMORANDUM OPINION<br><br><br>JUDGE NORMAN K. MOON |

      This matter is currently before the Court on Defendant's Motion to Sever Counts, filed on July 18, 2005. In light of the reasons enumerated below, Defendant's Motion to Sever Counts is hereby DENIED.

      Defendant is charged with attempted bank robbery (Count I) and use of a firearm in the commission of that robbery (Count 2), in violation of 18 U.S.C. § 2113(a) and § 3113(d) and 18 U.S.C. § 924(c)(1). This crime allegedly took place on November 22, 2002. Defendant is also charged with attempted larceny against a bank (Count 3) on April 5, 2003, in violation of 18 U.S.C. 2113(a). Defendant alleges that the offense in Count 3 bears no relation to the offenses in Counts 1 and 2, and that he would be unduly prejudiced if the three counts were tried together.

      Two or more offenses may be charged in the same indictment if they are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan. Fed. R. Crim.

P. 8(a). If, however, it appears that a party is prejudiced by a joinder of offenses or defendants, the court may order an election or separate trials of counts. Fed R. Crim. P. 14. A trial court has discretion in considering a severance motion, and must weigh possible prejudice to the accused against the compelling interests of the judicial process, including the need to avoid duplicative trials involving substantially similar proof. *U.S. v. Jamar*, 561 F.2d 1103, 1106 (4th Cir. 1977).

Although joining several offenses creates the risk that the jury may improperly cumulate the evidence, if the evidence of all joined crimes would be mutually admissible in separate trials for each offense, the risk of prejudice is substantially less. *Id.* At 1106-07. Complete, mutual admissibility is not a requirement for the valid joinder of offenses, however; rather the Court looks more broadly at whether the rules relating to "other crimes" evidence have been satisfied. *Id.*; *Baker v. U.S.*, 401 F.2d 958 (D.C. Cir. 1968). Evidence of prior bad acts is inadmissible to show action in conformity therewith, but is admissible for a variety other purposes, including to show identity, absence of mistake or accident, or the existence of a plan or "M.O." Fed. R. Evid. 404(b).

Here, the separate offenses with which the defendant is charged are of a similar character and tend to demonstrate the identity of the defendant as the perpetrator. In both instances, Defendant allegedly robbed or attempted to rob a bank: he is charged with the attempted aggravated robbery of the First Virginia Bank on November 22 and the attempted burglary of a building containing a bank on April 5, 2003. Further, in both events, Defendant allegedly gained access to the buildings by cutting through a part of the physical structure. In addition, the defendant's DNA was recovered at or near the sites of both crimes. Where the robberies were committed in a sufficiently similar manner that evidence of one could be admissible at the trial of the other, then joinder of the counts creates no untoward prejudice. *U.S. v. Foutz*, 540 F.2d 733,

737 (4th Cir. 1976). Here, the events show just such similarity.

Thus, Defendant has not met his burden of showing that failure to sever the counts would result in undue prejudice and would outweigh the interests of the judicial process in avoiding delay and repetition.

Based on the foregoing reasons, Defendant's Motion to Sever Counts is hereby DENIED. An appropriate order shall issue.

ENTER: _____
U.S. District Court Judge

DATE: _____Sept. 13, 2005_____